IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MANUELA ONTIVEROS-LERMA,

     Plaintiff,

vs.                                                                                              Civ. No. 99-1008 LH/WWD ACE

ROGER TERRAZAS, JEFFREY GARBOW,
JOE ALVAREZ in their individual capacities,
and the COUNTY OF DONA ANA,

     Defendants.

MEMORANDUM OPINION AND ORDER

      This matter comes before the Court upon Plaintiff's Motion to Compel County Defendants to Comply with May 4, 2000 Order and for Sanctions [docket no. 64] filed May 31, 2000. Plaintiff seeks further document production in connection with requests for production no. 2 to Defendant Garbow, request for production no. 2 to Defendant Alvarez, and requests for production no. 2, no 6, and no. 7 to Dona Ana County. Defendants' respond stating that "Plaintiff has asked this Court to compel the Board of County Commissioners of Dona Ana County, and the individual Defendants, to produce documents which do not exist in response to requests for production and interrogatories that are devoid of any probative value." Defendants go on to state that the Garbow letter was furnished to Plaintiff's attorney as an attachment to a May 31, 2000, letter. Defendants indicate "[t]here is no remaining dispute on this issue and there is no other document to produce." Defendants also assert that "there are no internal affairs files for Mr. Garbow." Apparently Dona Ana County does not maintain such files. Defendants state that the problem with illegible copies in request for production no. 2 to Joe Alvarez was corrected

when defense counsel sent new copies to Plaintiff on May 31, 2000. Defendants also state that they furnished information called for in request for production no. 6, *supra*, during the course of the Defendants' depositions taken on June 2, 2000.

In her reply, Plaintiff points out that Defendants represented they had complied with my Order of May 4, 2000, in a May 23, 2000, letter from Mr. Carrillo to Mr. Kennedy. Defendants delivered discovery on May 31 and June 2, 2000, contrary to Mr. Carrillo's position on May 23, 2000. Delivery of documents at the time of the filing of a supplemental motion to compel or after that time fails to comply with the May 22, 2000, deadline set in my Order of May 4, 2000. Defendants belated "compliance" with my order justified Plaintiff's filing of her motion to compel. Under the circumstances, it is appropriate to award Plaintiff her reasonable attorney fees for the preparation of the pleadings in connection with the motion to compel. I find that the reasonable attorney fees for preparation of the pleadings in connection with the motion to compel would be $300.00.

**WHEREFORE,**

**IT IS ORDERED** that Defendants shall pay to Plaintiff the sum of $300.00 as attorney fees in connection with the preparation of Plaintiff's Motion to Compel filed May 31, 2000.

**IT IS FURTHER ORDERED** that additional production, other than the production that took place after the filing of the instant motion to compel, shall not be compelled, and those portions of the motion seeking such additional production are hereby denied.

_____
UNITED STATES MAGISTRATE JUDGE