IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MANUELA ONTIVEROS-LERMA,

    Plaintiff,

vs.                                                                 Civ. No. 99-1008 LH/WWD ACE

ROGER TERRAZAS, JEFFREY GARBOW,
JOE ALVAREZ in their individual capacities,
and the COUNTY OF DONA ANA,

    Defendants.

## MEMORANDUM OPINION AND ORDER

       This matter comes before the Court upon Plaintiff's Third Motion to Compel County Defendants and for Sanctions [docket no. 71]. At the deposition of Defendant Jeffrey Garbow, on June 2, 2000, Plaintiff allegedly learned that Defendants still have possession, custody, or control of documents responsive to request for production nos. 5 and 6 to Dona Ana County. These documents include standard operating procedures for the Dona Ana County Detention Center; reports of Michael Corwin dated August 9, 1999, and August 16, 1999; documents from "a separate in-house investigation conducted by Dona Ana County and Mr. Molina"; and certain surveillance video tapes that were reviewed by Defendant Garbow. Plaintiff makes municipal and supervisory liability claims against the County defendants; therefore, the broad issue in the lawsuit is whether Defendants knew of and ignored a pattern of sexual misconduct, not simply whether Defendant Terrazas' sexual assault against Plaintiff occurred. Plaintiff also argues that

Defendants' belated objections and claims of privilege are being made well after the time for such objections and claims of privilege could be considered.

Standard Operating Procedures of the Dona Ana County Detention Center.

Defendants indicate that they have produced "any and all documents requested initially" and that they "are at a loss to determine what has been requested that has not been produced." Defendant Board of County Commissioners of Dona Ana County, Jeffrey Garbow, and Joe Alvarez Response to Plaintiff's Third Motion to Compel, at page 3. Plaintiff points out that she has received only five (5) Dona Ana County Detention Center standard operating procedures numbered A-1C-08, A-1C-23, A-1C-31, A-3A-01, and Section 300 regarding recruitment and selection. All other standard operating procedures and policies applicable to the Dona Ana County Detention Center except those listed in the preceding sentence should be produced to Plaintiff forthwith.

The Corwin Report(s)

Defendants state that the August 9, 1999 and August 16, 1999 reports of Michael Corwin were produced for the New Mexico Association of Counties and are not in the possession, custody or control of the Defendant county. The New Mexico Association of Counties insures the Defendant county; therefore the sought documents may well be considered to be in the control of the Defendant county and should be obtained by the Defendant county from the New Mexico Association of Counties and produced to Plaintiff subject to an appropriate confidentiality order which would limit the use of this report to this law suit and proscribe its publication or use elsewhere without the specific permission of the Court. Defendants' belated claim of privilege with respect to the Corwin report(s) is untimely.

The Molina Investigation.

Plaintiff acknowledges that she has received "a handful of interview transcripts" from the in-house investigation conducted by Mr. Molina; however, she complains that she has never received adequate assurance that the investigation did not generate other documents which were not produced. Jesus Molina's affidavit which is attached to Defendants' response to the instant motion supplies adequate assurance, and no further direction by the Court is required.

Video Tapes Reviewed by Jeffrey Garbow.

In his deposition, Defendant Jeffrey Garbow testified that he had reviewed one or two video tapes of very poor quality from surveillance cameras in the detention center hospital unit. Defendants claim that the video tapes which "may have been reviewed" by Jeffrey Garbow were of another part of the Dona Ana County Detention Center. Mr. Alvarez' affidavit is not completely responsive to the question raised by Garbow's deposition testimony. Defendants shall promptly produce the tapes viewed by Garbow and referred to in his deposition.

Sanctions.

I have previously imposed sanctions against Defendants for their recalcitrance in the discovery process. I am not going to impose further sanctions at this time; however, I reserve the possibility of reconsideration of this matter.

Discovery shall proceed in accordance with the foregoing.

**IT IS SO ORDERED.**

_____
**UNITED STATES MAGISTRATE JUDGE**